**The DAVIS CORPORATION, Plaintiff,**

v.

**The INTERIOR STEEL EQUIPMENT COMPANY, Defendant.**

Civ. A. No. 87–1321.

United States District Court, District of Columbia.

Sept. 14, 1987.

Gary K. Stearman, Robert D. Sokolove, Washington, D.C., for plaintiff.

Keith C. Baker, Washington, D.C., for defendant.

MEMORANDUM

JOHN GARRETT PENN, District Judge.

The plaintiff filed this action, in which it seeks a stay of arbitration, on May 15, 1987. The case is now before the Court on the plaintiff's motion for a preliminary injunction staying arbitration, and on defendant's motion to compel arbitration and motion for sanctions. The motions were heard on September 10, 1987.

I

Very briefly, the underlying facts are as follows: On or about June 1, 1984, the plaintiff (Davis) entered into a subcontract with the defendant (ISE) for the fabrication of metal storage cases by ISE. The contract was in furtherance of a prime contract between Davis and the General Services Administration (GSA). Article 13 of the subcontract provides for arbitration of any dispute between the parties arising out of the subcontract. *See* Complaint Exhibit A. On or about November 20, 1987, ISE commenced an arbitration proceeding with the American Arbitration Association (AAA) and filed a demand in AAA's regional office located in the District of Columbia.

On or about October 16, 1986, Davis filed an action alleging breach of contract against ISE. That action was filed in this court. *See Davis Corporation v. Interior Steel Equipment Co.,* Civil No. 86–2841 (D.D.C.). ISE moved to dismiss that action on the grounds that the matter was in arbitration. Thereafter, on November 18, 1986, the parties in that case filed a joint motion to dismiss the case without prejudice. The motion was granted.

On or about January 13, 1987, ISE instituted a lawsuit in the United States District Court for the District of Maryland relating to the same subcontract. *See United States of America for the Use and Benefit of The Interior Steel Equipment Co. v. Davis Corp.,* Civil No. HAR 87–32 (D.Md.). The action was brought pursuant to the Miller Act, 40 U.S.C. §§ 270a and 270b. Shortly after service of the complaint in the Maryland action, Davis sought to depose the president of ISE, Mr. Robert

Jarmusch, and on February 1987, ISE filed its motion to stay the proceedings. That motion was granted on February 9, 1987. *See* Defendant's Opposition to Plaintiff's Motion for Temporary Restraining Order and Preliminary Injunction (ISE Opposition), Exhibit 1. Apparently there was a misunderstanding concerning the position of the parties and the order granting the stay was vacated. ISE moved to quash the deposition of Mr. Jarmusch. The Court is advised that motion is still pending. Davis also noticed the deposition of David Lingrell who was the Project Executive with GSA. The deposition was taken and counsel representing ISE attended the deposition and cross-examined the witness. ISE filed a second motion to stay the proceedings and that motion was granted on May 18, 1987. *See* ISE Opposition, Exhibit 3.

Davis now argues that ISE waived its right to submit this matter to arbitration since it filed the Maryland action and participated in discovery.

## II

■ The Arbitration Act, 9 U.S.C.A. § 1 *et seq.*, requires district courts to compel arbitration of arbitrable claims when asked to do so. *Dean Witter Reynolds Inc v. Byrd*, 470 U.S. 213, 105 S.Ct. 1238, 1241, 84 L.Ed.2d 158 (1985).

> The Arbitration Act provides that written agreements to arbitrate controversies arising out of an existing contract "shall be valid, irrevocable, and enforceable, save upon such grounds as exist at law or in equity for the revocation of any contract." 9 U.S.C. § 2. By its terms, the Act leaves no place for the exercise of discretion by the district court, but instead mandates that the district court *shall* direct the parties to proceed to arbitration on issues as to which an arbitration agreement has been signed. §§ 3–4.

*Id.* (emphasis in the original).

■ Davis concedes that the contract at issue contains an arbitration clause and that normally the parties would be bound to go to arbitration. But, Davis contends that the right to arbitration, like any other contract right, can be waived. *See National Foundation for Cancer Research v. A.G. Edwards & Sons, Inc.*, 821 F.2d 772 (D.C.Cir.1987). Davis relies on *National Foundation* as support for its argument that ISE has waived its right to arbitrate. It contends that ISE waived that right when it filed the action in the United States District Court for the District of Maryland and participated in the deposition of Mr. Lingrell. This Court cannot agree.

In *National Foundation*, Edwards waived its right to arbitration. National Foundation filed its lawsuit in January 1983. For the next two years the parties (National Foundation and Edwards) conducted *extensive* discovery. Edwards moved for summary judgment in October 1984, the motion was argued in February 1985, and the district court took the matter under advisement. No further discovery was conducted. The Supreme Court decided *Dean Witter, supra*, in March 1985. In February 1986, the district court denied the motion for summary judgment. Later the parties agreed to hold a pretrial conference in July 1986 and to commence trial in September 1986. It was not until April 1986 that Edwards filed a motion to compel arbitration.

As the court noted in *National Foundation*, "[t]he essential question is whether, under the totality of the circumstances, the defaulting party has acted inconsistently with the arbitration right." 821 F.2d at 774. The court concluded that the actions of Edwards in fully participating in the litigation and waiting for three years to assert an arbitration demand was inconsistent with the right to arbitration. Edwards fully and actively participated in the case and made no effort to submit the case to arbitration until three years had elapsed. Clearly, it had waived its right.

The instant case is distinguishable. ISE has *consistently* maintained that the dispute should be submitted to arbitration. When Davis filed an earlier action in this court, ISE moved to dismiss citing the fact that it was asserting its right to arbitra-

tion. Based upon that contention the parties jointly moved to dismiss. While it is true that ISE filed an action in Maryland, it asserted Miller Act claims there and explained that the action was filed as a protective measure since the one year statute of limitations was about to run. In the Maryland action, ISE requested judgment in the *amount the arbitrators may award against Davis.* Moreover, after filing that action, ISE moved to stay the proceedings pending arbitration. Although ISE participated in the deposition of Lingrell, the Court does not deem that action inconsistent with its right to arbitration since the deposition was initiated by Davis and in participating in the deposition, ISE was merely protecting its interest.

It is clear that the actions of ISE were not and are not now inconsistent with its right to arbitration. Accordingly, the Court concludes that ISE has not waived its right to arbitration.

Plaintiff's motion for a preliminary injunction will be denied and defendant's motion to compel arbitration will be granted.

The final motion before the Court is defendant's motion for sanctions. While it seems clear that ISE did not waive its right to arbitration, the Court concludes that sanctions are not warranted since Davis was able to make an argument, although a weak one, that there had been a waiver. The Court notes that it fails to understand why Davis did not cite *Dean Witter.* The motion for sanctions will be denied.

An appropriate order has been issued.